FILED
U.S DISTRICT COURT
BRK. DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION  2011 MAY 26  AM 11: 42

CLERK R. Au
SO. DIST. OF GA.

AUTRY MILTON,

      Plaintiff,

v.    CIVIL ACTION NO.: CV210-119

LTD FINANCIAL SERVICES,

      Defendant.

## ORDER

Defendant has filed a Motion to Compel Plaintiff's answers to various interrogatories, requests for admission, and requests for production. The Plaintiff has filed a response, and Defendant has filed a reply. The Court rules as follows:

1) **Supplemental Interrogatory No. 74:** Defendant's Supplemental Interrogatory No. 74 asks, "Please state the name of each medication that you have been prescribed from January 1, 2008, through and including the present date." (Doc. No. 40-1, p. 6). Though Plaintiff originally objected, in his response to Defendant's Motion, Plaintiff states that he has not received any medical care for any stress or worry caused by Defendant's alleged misconduct. (Doc. No. 47, p. 3). He states he has not been prescribed any medication. (Id.). This assertion appears to answer the relevant portion of Defendant's interrogatory. Therefore, this portion of Defendant's Motion is **DISMISSED** as moot.

2) **Supplemental Interrogatory No. 80:** Defendant's Supplemental Interrogatory No. 80 asks, "Please provide the names and addresses of each and every individual

who has been witness to the 'great stress and worry' you sustained as a result of the alleged behavior of LTD." (Doc. No. 40-1, p. 7). In his Response to Defendant's motion, Plaintiff states he will supplement his discovery response to list other family members who have witnessed Plaintiff's stress. This portion of Defendant's Motion is **GRANTED**. Plaintiff shall give the Defendant a list of responsive individuals and their addresses.

3) **Request for Production No. 2:** Defendant's Request for Production No. 2 states, "Please produce all documents evidencing communication between Plaintiff, Defendant, or Plaintiff's creditor Citibank." (Doc. No. 40-1, p. 8). Plaintiff responded, "The Plaintiff objects to this request because it is misleading, since the Plaintiff denies that Citibank is his creditor. The Plaintiff further objects to this request on the ground that the Plaintiff would obviously not have communications between the Defendant and Citibank." Defendant states that Plaintiff's response sidesteps the actual request. Plaintiff concludes he must not have any correspondence between him and Citibank without actually stating that he is not in possession of any. Plaintiff also ignores the request for correspondence between Plaintiff and Defendant. This portion of Defendant's Motion is **GRANTED**.

4) **Request for Production No. 3:** Defendant's Request for Production No. 3 states, "Please produce all of Plaintiff's credit reports in Plaintiff's possession dated after July 1, 2008." (Id. at p. 9). Plaintiff responded, "The Plaintiff objects to this request on the ground that it is overly broad and answering the same could be unduly burdensome." (Id.). Plaintiff has alleged, as part of his damages, that he is unable to get credit. Defendant asserts that Plaintiff's consumer report contains information about

Plaintiff's creditors, who Defendant believes includes Citibank. Defendant claims the report would be admissible evidence that (1) Plaintiff was in possession of his own credit report (2) that the report includes information about the debt which is the subject of this action, and (3) that there is no indication on the report that Plaintiff has ever disputed the account with the consumer reporting agencies. (Id.). This portion of Defendant's Motion is **GRANTED**.

5)     **Request for Production No. 4:** Defendant's Request for Production No. 4 states,"Please produce all retainer or fee agreement(s) between Plaintiff and any attorney for which you are seeking compensation for attorney's fees in this case." (Id. at p. 10). Defendant notes that, "Plaintiff alleges that he is entitled to attorney's fees not less than $100,000.00." (Id.). Plaintiff made no response to this part of Defendant's Motion. Defendants are entitled to know how Plaintiff calculated his attorney fee damages. This portion of Defendant's motion is **GRANTED**.

6)     **Request for Production Nos. 7 and 8:** Defendant's Request for Production No. 7 states, "Please produce all applications for credit submitted by Plaintiff from July 1, 2008 until the present." (Id.). Defendant's Request for Production No. 8 states, "Please produce all documents and correspondence between Plaintiff and any person or entity to which Plaintiff applied for credit from July 1, 2008 until the present." Plaintiff responded, "No objection," to both requests. (Id.). Defendant states Plaintiff has still not provided them with any documents responsive to these requests. This portion of Defendant's Motion is **GRANTED**.

7)     **Request for Production No. 17:**   Defendant requested a privilege log from Plaintiff's counsel.  Plaintiff's counsel objected to providing Defendant with a privilege

log, claiming that is was "privileged."  Rule 26 of the Federal Rules of Civil procedure provides, "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection," that party must produce a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).  Georgia federal courts have consistently held that a party withholding discovery on account of an alleged privilege must provide a privilege log.  See Wood v. Archbold Medical Center, No. 7:07-CV-109, 2009 WL 3063392, at *1-2 (M.D.Ga. Sept. 17, 2009) (refusing to acknowledge claim of privilege when party submitted insufficient privilege log); Williams v. Taser Intern., Inc., No. 1:06-CV-00051-RWS, 2008 WL 192991 (N.D.Ga.2008).  This portion of Defendant's Motion is **GRANTED**.

8) **Request for Production No. 18:** Defendant's Request for Production No. 18 seeks documents between Plaintiff and other persons attempting to collect debts from Plaintiff.  Defendant states this information is relevant to potentially show that Plaintiff's stress and worry were caused by other debt collectors than Defendant.  Plaintiff did not respond to this part of Defendant's Motion.  This portion of Defendant's Motion is **GRANTED**.

9) **Supplemental Request for Production No. 70:** Defendant's Supplemental Request for Production No. 70 seeks, "all bank or credit union statements from any bank account or credit union account from which you have written a check, made an electronic payment, or debit card payment to pay any bill from January 1, 2007, through and including the date this case was filed." (Doc. No. 40-1, p. 14).  Plaintiff responded

that he "has informed the Defendant where he banks, and the Defendant has subpoenaed the records of the bank. The Plaintiff does not have his banking records." (Doc. No. 47, p. 4). Based on Plaintiff's assertion that he does not have his banking records, this portion of Defendant's Motion is **DISMISSED**.

**10)** **Request for Admission Nos. 37, 40, 46, 49, 50, 51, 55, 58:** Defendant asked Plaintiff to admit that he was in possession of one or more audio recordings of one or more telephone calls with Defendant; admit that Defendant sent Plaintiff written correspondence dated June 25, 2009; admit that on August 4, 2009, Defendant called Plaintiff; admit that Defendant sent Plaintiff's attorney, W. Douglas Adms, a letter dated August 11, 2009; admit that attached Exhibit C is a true and correct copy of the August 11, 2009, correspondence Defendant sent to W. Douglas Adams; admit that Plaintiff did not receive any additional telephone calls from Defendant after August 11, 2009; admit that Defendant did not obtain Plaintiff's credit report prior to June 24, 2009; admit that Defendant was hired to collect Plaintiff's account on June 23, 2009. (Doc. No. 40-1, pp. 15-16). To each request Plaintiff responded, "Neither admitted or denied." (Id.).

Plaintiff's response does not conform to the requirements articulated in Rule 36(a)(4) of the Federal Rules of Civil Procedure which states, "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the

information it knows or can readily obtain is insufficient to enable it to admit or deny." Plaintiff has failed to provide responses which conform to the Rule 36. This portion of Defendant's Motion is **GRANTED**.

In sum, Defendant's Motion is **GRANTED** in part and **DISMISSED** in part. Plaintiff shall submit the required documents and responses to Defendant, and to verify all interrogatory responses, within fourteen days of the date of this Order. The Court will not award Defendant any attorney's fees at this time. At the request of counsel for Defendant, the Court will schedule a hearing to determine the appropriateness of imposing sanctions against the Plaintiff.

**SO ORDERED**, this 26th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE