```
          IN THE UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF GEORGIA
                  BRUNSWICK DIVISION
```

AUTRY MILTON,                *
                             *
    Plaintiff,              *
                             *
v.                           *    CIVIL ACTION NUMBER:
                             *    CV210-0119
LTD FINANCIAL SERVICES,      *
                             *
    Defendant.              *

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO EXTEND DEADLINE TO COMPLETE DISCOVERY</u>

    COMES NOW the Plaintiff, who serves this Response to the Defendant's Motion to Extend the Discovery Dead line. The Plaintiff respectfully submits that the Motion should not even be considered, since the Defendant did not confer with the Plaintiff as to the Plaintiff's position about this matter. With regard to the substance of the Motion, the Plaintiff respectfully submits that the Defendant has not shown any legitimate reason to extend discovery. The Plaintiff will address the factual assertions in the order presented.

    1.  Contrary to the Defendant's assertion, the Plaintiff has not refused to sit for his deposition. The Plaintiff has filed a response to the Defendant's Motion to Compel to sit for his deposition and has shown that the deposition could have certainly gone forward on May 9, 2011. The Defendant has failed to utilize the time between May 9 and May 25, when the deposition could have been taken.

    2.  The Plaintiff has not refused to properly

respond to written discovery. The Court has directed the Plaintiff to supplement the discovery responses and the Plaintiff will certainly adhere to the Court's ruling.

3. The Defendant has filed Motions to Compel one of which [Document 40] has been ruled upon. The Plaintiff has shown that the Defendant's Motion to Compel the Plaintiff to submit to a deposition is not appropriate. The Defendant sought to file the Motion to Compel when the same was totally unnecessary. In addition, over two weeks elapsed between the time when the Plaintiff's deposition was scheduled for May 9, 2011, and the close of discovery. The Defendant did not attempt to set up the deposition during that time period.

4. The Defendant has asserted that the Plaintiff's family members will support the Defendant's contentions in this case. The Plaintiff will certainly adhere to the Court's ruling regarding the identity of the Plaintiff's family, but that is certainly no reason to extend discovery.

5. The credit reporting agencies, Equifax, Experian, and Transunion, have responded to the Defendant's subpoenas, and have provided the Defendant with copies of the Plaintiff's credit reports.

6. The information from Rite Aid Pharmacy certainly does not justify extending discovery for an additional 60 days. The Defendant apparently did not seek information from Rite Aid until recently, and this matter

has been pending for many months. Accordingly, this does not justify extending discovery for that purpose. If the Court does extend discovery, it should only be for the Rite Aide deposition, should the same be necessary.

7. The Defendant is correct that discovery closed on May 25, 2011.

8. The Defendant is not being truthful when the Defendant represents to the Court that discovery was previously extended to accommodate Plaintiff's schedule because his counsel was completely "'unavailable for his client's deposition.'" A prior deposition was canceled by agreement when Plaintiff's counsel received a notice from a Court setting a hearing.

9. The Defendant does not need additional time to complete discovery. The Defendant's representation that it has been diligent about conducting discovery fails to take into account that the Defendant did not seek information from Rite Aide during the early parts of discovery, even though the Defendant allegedly had records that the Plaintiff incurred charges at Rite Aide.

10. The Plaintiff will be prejudiced by allowing the Defendant additional discovery, since the Defendant has shown a desire to engage in contentious tactics which require additional work by the Plaintiff's counsel.

Accordingly, the Plaintiff respectfully submits that the Court should deny the Defendant's Motion to Extend discovery.

Respectfully Submitted on this the 31st day of May, 2011.

s/W. Douglas Adams
Georgia Bar Number: 004650
Attorney for Plaintiff
1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966
E-Mail:WDAdams@WDALaw.biz

```
            IN THE UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF GEORGIA
                    BRUNSWICK DIVISION

AUTRY MILTON,                 *
                              *
     Plaintiff,               *
                              *
v.                            *     CIVIL ACTION NUMBER:
                              *     CV210-0119
LTD FINANCIAL SERVICES,       *
                              *
     Defendant.               *
```

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Submitted this 31st day of May, 2011.


                              By: s/W. Douglas Adams
                                  Georgia Bar Number: 004650
                                  Attorney for Plaintiff
                                  Post Office Box 857
                                  Brunswick, Georgia  31521-0857
                                  (912) 265-1966
                           Email: WDAdams@WDALaw.biz